UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

SHAKER F. SAAD,
   Plaintiff

v.

TERRY E. WAY, Director,
   Nebraska Service Center;
EDUARDO AGUIRRE, JR. Director,
   USCIS;
TOM RIDGE, Secretary,
   Department of Homeland Security;
   Defendants

Case No. 04-10947RWZ

MAGISTRATE JUDGE Collings

RECEIPT # 55847
AMOUNT $ 150-
SUMMONS ISSUED 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-12-04

PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS

COME NOW Shaker F. Saad, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

PARTIES

2. Plaintiff Shaker F. Saad, was born July 23, 1966 in Alexandria, Egypt, and is an Egyptian national. He currently lives at 20 Candlewood Drive, Topsfield, MA 01983. His present U.S. immigration status is asylee, which he was

granted in December 1997. He properly applied for adjustment of status to legal permanent resident with the Nebraska Service Center on January 25, 1999.

3. Defendant Terry E. Way is the District Director of the USCIS Nebraska Service Center, and this action is brought against him in his official capacity. He is generally responsible for the administration of immigration benefits and services, and specifically for applications for asylee adjustment of status pursuant to 8 USC §209. Accordingly, Director Way, has decision-making authority over all matters alleged in this complaint and is the official with whom Plaintiff's application for lawful permanent resident status was properly filed.

4. Defendant Eduardo Aguirre, Jr. is the Director of the United States Citizenship and Immigration Services (USCIS) and is responsible for administration of immigration benefits and services including the processing of applications for legal permanent residence. The USCIS oversees the activities of the Service Centers including the Nebraska Service Center.[1]

5. Defendant Tom Ridge, is the Secretary of the United States Department of Homeland Security ("DHS"). He is charged with, among other things, administering the USCIS and the implementation and Enforcement of the Immigration and Nationality Act, 8 USC § 1101 *et seq.* ("INA") As a result of this position, Secretary Ridge has the ultimate decision-making authority over all matters alleged in this petition. 8 USC §1103 (a)(1)-(6).

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §1361 ("Mandamus Act") and 5 USC §551 ("Administrative Procedures Act"). Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District of Massachusetts, where a substantial part

---

[1] *See* http://uscis.gov/graphics/welcome.htm

of the events or omissions giving rise to Plaintiff's claim occurred, where Plaintiff resides and where Defendants have agents.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies. Plaintiff has, through his attorney, made numerous inquiries concerning the status of the application including letters and telephone calls, to no avail.

## CAUSE OF ACTION

9. After his application for asylum was granted by the Immigration Court on December 9, 1997, Plaintiff waited the required one-year period before applying to be adjusted to legal permanent resident status pursuant to 8 CFR §209.2.

10. The application for permanent residence was filed by Plaintiff on January 25, 1999 with a Receipt Notice date of January 28, 1999 to the Nebraska Service Center, which administers all applications for adjustment for asylees.

11. Presently, according to the processing schedule released by the USCIS, asylee adjustment applications received between June 10, 1998 and Feb.1, 1999 are being processed between Oct.1, 2002 and Sept. 30, 2003.

12. Plaintiff's application for adjustment of status now remains unadjudicated for well over five years and applications submitted after Plaintiff's have been processed. According to the USCIS website, asylee applications that were filed on or before November 16, 1999 are now being adjudicated. The site asks that asylees who filed adjustment applications on or before November 16, 1999, and who have not yet received decisions, should contact the Nebraska Service Center.[2]

13. Plaintiff, through his attorney, contacted the Nebraska Service Center on multiple occasions as directed by the USCIS website. As a result of these efforts, Plaintiff, through his attorney, received notices from the Nebraska Service Center on August 15, 2003 and September 12, 2003 with only

---

[2] See http://uscis.gov/graphics/services/asylum/adj_notice_05_03.htm.

3

general information regarding asylee adjustment and that Plaintiff's case remains pending with the Nebraska Service Center.[3]

14. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said application has not been adjudicated.

15. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants, willfully and unreasonably, have delayed and have refused to adjudicate Plaintiff's applications for over five years, thereby depriving him of the right to a decision on his immigration status and the peace of mind to which Plaintiff is entitled.

16. In the recent decision of *Ngwanyia v. Ashcroft*, No. 02-502 (RHK/AJB) (D. Minn. Feb. 12, 2004), Judge Richard H. Kyle noted that through simple mismanagement, USCIS (formerly the Immigration and Naturalization Service), without statutory or regulatory authority, refused to use over twenty-thousand refugee admission numbers made available by the President and Congress.[4] Furthermore, [formerly] INS processing errors "have hastened the growth in the number of pending cases."[5] Plaintiff does not want to become another victim of mismanagement or processing errors on the Defendants' part.

17. The case of *Ngwanyia v. Ashcroft*, was a class action suit on behalf of more than 150,000 asylees in the United States who have been waiting for many years to adjust to permanent resident status. The Attorney General is authorized by the Refugee Act to use up to ten thousand refugee admission numbers to adjust asylees to lawful permanent resident status and since 1992 has set aside this number for such use.[6] In reality, these numbers have not been fully satisfied by the USCIS, and Judge Kyle ordered the USCIS to reissue the unused asylee adjustment numbers since 1992 for asylees presently awaiting adjustment.[7] When those numbers become available, if numbers in the current fiscal year have already assigned, Plaintiff should be given priority for a retroactive asylee adjustment number since he has been passed over due to USCIS mismanagement and error.

---

[3] See Attachment B.
[4] *Id*. slip op at 14.
[5] *Id*. slip op at 7.
[6] *Id*. slip op at 6-7.
[7] *Id*. slip op at 22-23.

18. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

    (a) Specifically, Plaintiff Dr. Saad has had difficulty practicing his trained profession in the United States. New York State's Professional Licensing Services requires that practicing medical doctors be U.S. citizens or permanent residents to obtain a medical license even if they are otherwise qualified. An option for a one-time three-year limited medical license is available if the individual meets all other requirements for licensure except the citizenship/permanent residence requirement, which include three years of accredited postgraduate training and acceptable licensing exams. The limited medical license restricts the licensees to work solely in medically underserved areas designated by New York State. Dr. Saad obtained the limited medical license in April 1999 at an expense of $735, which includes $600 toward a full medical license. After his limited medical license expired in April 2002, Dr. Saad's attempts to renew the license failed.

    (b) Plaintiff has also been deprived of the right to travel abroad freely with only asylee status. To travel abroad, Plaintiff is required to apply for a Refugee Travel Document, which presently takes the USCIS approximately one year to process and costs $110 plus legal fees.

    (c) Plaintiff has further been damaged by simply being deprived of the status of lawful permanent residents during the interminable pendency of his application.

19. The Defendants, in violation of the Administrative Procedures Act, 5 USC §551 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

20. Plaintiff has made numerous status inquiries in attempts to secure adjudication of his application, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

**PRAYER**

21. WHEREFORE, in view of the arguments and authority noted herein,

Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiff's application for adjustment of status;

(b) awarding Plaintiffs reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Julie Greenspoon
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Phone: (508) 879-4443
BBO# 658167

_____
Saher J. Macarius
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Phone: (508) 879-4443
BBO#567460

## LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| 1 | INS Receipt Notice of application for adjustment dated January 25, 1999; |
| 2 | Response to Case Inquiry dated September 12, 2003; Asylee Adjustment Information sheet dated August 15, 2003; |
| 3 | Webpage indicating the adjudication of cases filed prior to 11/16/99: http://uscis.gov/graphics/services/asylum/adj_notice_05_03.htm; |
| 4 | *Ngwanyia v. Ashcroft*, No. 02-502 (RHK/AJB) (D. Minn. Feb. |

12, 2004);

5      Copy of Instructions to apply for a Three-Year Limited Medical License in New York State;

6      Copy of Limited Medical License issued to Plaintiff Shaker Fawzy-Youssef Saad;

7      Copy of denial of extension for Plaintiff's limited three-year license from the Division of Professional Licensing Services in New York State.